IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN L. NITSCHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 03-1096-CV-W-HES |
| | ) |
| CEO OF OSAGE VALLEY ELECTRIC | ) |
| COOPERATIVE, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

**COMES NOW** Defendant Jon McClure, by and through his counsel of record, Andereck, Evans, Milne, Peace & Johnson L.L.C. and for his Answer to Plaintiff's Complaint for Damages, states and avers as follows:

1. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 1 of Plaintiff's Complaint for Damages and therefore denies same.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

3. Defendant admits that Plaintiff last reported to work on December 7, 2001 and that he was, on that date, earning $23.78 per hour. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

Furthermore, the allegations contained in paragraph 4 of Plaintiff's Complaint for Damages are not allegations of fact, but rather, erroneous conclusions of law and as such are in violation of Rule 8 of the Federal Rules of Civil Procedure.

5. Defendant admits that Plaintiff began employment with Osage Valley Electric Cooperative in April of 1979.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

8. Defendant has insufficient information to either admit or deny the allegations made in paragraph 8 of Plaintiff's Complaint for Damages and therefore denies same.

9. The allegations contained in paragraph 9 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

10. The allegations contained in paragraph 10 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

11. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 11 of Plaintiff's Complaint for Damages and therefore denies same.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

13. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 13 of Plaintiff's Complaint for Damages and therefore denies same.

14. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 14 of Plaintiff's Complaint for Damages and therefore denies same.

15. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 15 of Plaintiff's Complaint for Damages and therefore denies same.

16. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 16 of Plaintiff's Complaint for Damages and therefore denies same.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

18. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 18 of Plaintiff's Complaint for Damages and therefore denies same.

19. Defendant has insufficient information to either admit or deny the allegation contained in paragraph 19 of Plaintiff's Complaint for Damages and therefore denies same.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint for Damages are absolutely denied and Defendant demands strict proof of same.

# AFFIRMATIVE DEFENSES

**COMES NOW** Defendant and for further Answer and for his affirmative defenses in this action, states and avers to the Court as follows:

1. Plaintiff's Complaint for Damages fails to state a claim for relief against Defendant and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The claims asserted in Plaintiff's Complaint for Damages are barred by the applicable statutes of limitations.

**WHEREFORE**, Defendant respectfully requests that all Counts of Plaintiff's Complaint for Damages alleged against Defendant be dismissed with prejudice and for Defendant's costs incurred in this matter and for any and all such other and further relief as the Court shall deem necessary and proper.

**ANDERECK, EVANS, MILNE PEACE & JOHNSON L.L.C.**

By _____/s/_____
Craig S. Johnson MoBar#28179
Lanette R. Gooch MoBar#47860
Andrew J. Sporleder MoBar#51197
700 E. Capitol Avenue
The Marmaduke House
P.O. Box 1438
Jefferson City, MO 65101

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this 6th day of January 2004, they electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

**ATTORNEY FOR PLAINTIFF**
Larry D. Coleman
8801 East 63rd Street, Suite 208
Raytown, MO 64133

                                                                                      /s/
                                                                Craig S. Johnson